# UNITED STATES DISTRICT COURT
for the
Western District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. 21-MJ- 4142
)
The premises and real property located at 192 )
Desmond Street, Unit #3, Rochester, New York, as )
more particularly described in Attachment A. )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
The premises and real property located at 192 Desmond Street, Unit #3, Rochester, New York, as more particularly described in Attachment A.

located in the _____Western_____ District of _____New York_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B for the items to be seized, all of which are fruits, evidence, and instrumentalities of a violation of 21 U.S.C. Sections 841 and 846.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841, 846 | Attempted possession with intent to distribute cocaine |

The application is based on these facts:
See attached affidavit of US Postal Inspector James Keenan.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

James M. Keenan, US Postal Inspector
Printed name and title

Affidavit submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me telephonically pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3).

Date: November 5, 2021                                                   _____
                                                                          Judge's signature

City and state: Rochester, New York                         Hon. Marian W. Payson, U.S. Magistrate Judge
                                                                          Printed name and title

Attachment A

The Subject Premises, 192 Desmond Street, Unit #3, Rochester, New York 14615, is one unit of a three family residence located at 192 Desmond Street, Rochester NY 14615. There is a large front porch facing Desmond Street which is blue in color and leads to the front door which appears off-white in color. The number "192" is visible on a porch pillar to the right of the front door. The door to Unit #3 is located on the left as indicated below. The Subject Premises is a light blue in color with a white color trim around the windows on the front of the home. There is a small yard area with grass in front of the Subject Premises and a concrete pathway that leads to the front porch.



# ATTACHMENT B

## SCHEDULE OF ITEMS TO BE SEARCHED FOR AND SEIZED

1. Materials commonly used in the sale of controlled substances, such as scales, pill presses, packaging materials.

2. Mail packaging indictive of receiving or selling controlled substances via the United States Postal Service, FedEx, DHL, UPS, or any other mail service.

3. Records, items and documents reflecting purchases of controlled substances and/or travel in furtherance of drug trafficking, including credit card receipts, correspondence, airline tickets, hotel and restaurant receipts, canceled checks, maps and written directions to locations.

4. Money ledgers, distribution or customer lists, supplier lists, correspondence, notations, logs, receipts, invoices, orders, journals, books, records and other documents noting the price, quantity, and/or times when drugs were obtained, transferred, sold, distributed, and / or concealed.

5. Bank account records, wire transfer records, bank statements, safe deposit box keys and records, money containers including safes, financial records, and notes showing payment, receipt, concealment, transfer, or movement of money generated from the sale of controlled substances.

6. Indicia of occupancy, residency or ownership of the Subject Premises including utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, escrow document, canceled envelopes and keys.

7. Records of off-site locations to store records or controlled substances, including safe deposit box keys, records and receipts and rental agreements for storage facilities.

8. Any lockbox, safe, or vault found on the premises.

9. Cash, jewelry and other assets derived from the sale of controlled substances.

10. Cellular telephones, personal computers, tablets, smart cellular telephones, paging devices, beepers, and other communication devices and the data contained therein, for evidence of possession with intent to distribute or distribution of a controlled substance, or participation in a conspiracy to manufacture or distribute controlled substances, including:

a. subscriber or contact information including names, addresses, telephone numbers, email addresses or other identifier;

b. call log information, including missed, incoming and outgoing calls and information associated with those numbers;

c. photographs, video and audio files;

d. text messages, email messages, chats multimedia messages, installed applications or other electronic communications;

e. calendar, note, password, and dictionary entries;

f. internet or browser entries or history; and

g. system, data, or configuration information contained with the device.

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

STATE OF NEW YORK    )
COUNTY OF MONROE    )    SS:
CITY OF ROCHESTER    )

James M. Keenan, being duly sworn, deposes and states:

1. I am a United States Postal Inspector assigned to the Boston Division (Rochester, NY Field Office) of the United States Postal Inspection Service ("Inspection Service"), and have been so employed since June 2015. Prior to June 2015 and before becoming a Postal Inspector, I worked as a Customs and Border Protection Officer at the San Ysidro Port of Entry for approximately three years. I am currently assigned to the Rochester Miscellaneous Crimes Team which investigates violations of Federal law, including identity theft, mail theft, credit card fraud, wire fraud, mail fraud and drug trafficking. The investigation of drug trafficking in Rochester, NY specifically targets narcotics and narcotics proceeds sent via the U.S. Mail.

2. Your Affiant's education and training includes the following: Upon entering the Inspection Service, I completed twelve weeks of training in Potomac, MD. The training covered various aspects of federal law enforcement, including the investigation of narcotics related offenses. I have received instruction on conducting investigations of, and have in fact participated in investigations involving, possession with intent to distribute and distribution of controlled dangerous substances. I was previously assigned to the Los Angeles Fraud Task Force with the U.S. Secret Service where I worked with Agents of the Drug Enforcement Administration and participated in controlled deliveries of narcotics. Prior to entering the Inspection Service, I served as a Customs and Border Protection Officer ("CBPO") upon

1

graduating from the Federal Law Enforcement Training Center.  At the academy, I completed an eighteen-week basic training course which included training in narcotic seizures and related offenses.  During my time as a CBPO, I participated in numerous seizures of narcotics being trafficked across the border between Tijuana and San Diego.  Through my time as a CBPO I learned about how narcotics are packaged and uniquely labeled, smuggling trends, and had an opportunity to field test and seize a variety of narcotic substances from both persons and vehicles.

3. During my employment as a Postal Inspector, I have participated in investigations involving the mailing of controlled substances through the U.S. mails.  In particular, I have worked on cases involving controlled substances and I have participated in interviewing witnesses and cooperating individuals regarding illegal trafficking of drugs and have read official reports of other officers.  As a result of my experience, I am familiar with the common practices utilized by drug traffickers to smuggle drugs and money using various methods including but not limited to commercial mail/parcel carriers.

4. I submit this affidavit in support of an application for an anticipatory search warrant to be executed at 192 Desmond Street, Unit #3, Rochester NY 14615 (the "Subject Premises") after the delivery of an U.S. Postal Service (USPS) Priority Mail Express parcel bearing tracking number EI 001 407 277 US (hereinafter "the Subject Parcel").  The Priority Mail Express Parcel is addressed to Nayeli Santiago, 192 Desmond St lower Rochester, NY 14615 and has a return address of Carlos Cruz 5648 Calle Garage Ortiz Sabana Seca, PR 00952.

5. This search warrant is sought in connection with an investigation of violations of federal law, including but not limited to, Title 21, United States Code, Sections 841 (a)(1) and 846 (attempted possession with intent to distribute cocaine, a schedule II controlled substance). The assertions made herein are based solely upon my personal knowledge or upon information I have received from other law enforcement agents who are involved in this investigation.

6. I am familiar with all aspects of this investigation as a result of my participation in this investigation, as well as conversations with other law enforcement officers and the review of documents and records obtained by officials of the Drug Enforcement Administration ("DEA") and the Inspection Service.

7. Because this affidavit is being submitted for the limited purpose of obtaining a search warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts I believe are necessary to establish that probable cause exists for the issuance of the requested warrant. In support thereof, I respectfully state the following.

**PROBABLE CAUSE**

8. On or about November 4, 2021, during a review of incoming mail, Postal Inspectors were alerted to the Subject Parcel. The Subject Parcel was processed in the Rochester, NY mail facility. The parcel shared characteristics known to be associated with packages containing narcotics, as it has excessively taped seals, had a handwritten label and was inbound from Puerto Rico, a known source location for the distribution of narcotics.

9. On November 4, 2021 I applied for federal search and seizure warrant 21-MJ-4141 from the Honorable Marian W. Payson, U.S. Magistrate Judge, for the Subject Parcel. I received and executed the search and seizure warrant the same day. I found the Subject Parcel contained approximately 5,169 grams of suspected cocaine that was secreted inside a plastic container. The container was covered in clear plastic wrap, cleaning wipes and a blue methol substance and was packaged with packing peanuts. The cocaine found inside the container was concealed in layers of spray foam, clear plastic wrap, a bubble mailer envelope and vacuum sealed bags. I field tested the off-white powdery substance and it tested positive for the presence of cocaine. Based upon my training and experience, I believe the amount of suspected cocaine annotated above is consistent with distribution.

10. Law enforcement officers in the Western District of New York conducted searches of various databases and could not identify a "Nayeli Santiago" associated with the Subject Premises. Law enforcement database records indicated there was a "Nayeli Santiago", 19 years of age, who resided in Rochester, NY at other addresses on file.

11. From a review of Rochester Police Department ("RPD") calls for service records I know that on or about November 1, 2021, RPD received a request for a welfare check on a "NAYELI SANTIAGO". The address for service was listed as "192 DESMOND ST ROC". Comments of the records indicated "REQ A CHECK ON 19 Y/O/F- NAYELI SANTIAGO HAVEN'T HEARD FROM HER IN 2 DAYS / HASN'T SHOWN UP FOR WORK / FAMILY UNABLE TO REACH HER AS WELL BC SAID ONE TIME SOME MAN ANSWERED THE PHONE / SAID IF HE FINDS NAYELI FIRST HE IS GOING

4

TO HURT HER / AND THEY ARE NOW BLOCKED THEM FROM CALLING – WORRIED THIS MAN IS AFTER HER / OR HAS HER REQ A CALL BACK FROM AN OFFICER". I am not aware of any information of an evidentiary value that resulted from this call, and despite attempting, I have not been able to locate any reports to show that anyone had contact with individuals at 192 Desmond Street in response to this call.

12. A records check using Department of Motor Vehicle resources indicated that a "Nayeli Santiago" resided at 638 Clifford Ave, Rochester, NY 14621. The record was for a non-driver identification.

13. On November 4, 2021 I spoke with the local USPS delivery station that handles the route covering the Subject Premises. I learned that the last name "Santiago" gets mail at the Subject Premises (Unit #3). Postal records indicated an older gentleman (whose name is known to your affiant, and it is not Santiago) resided at Unit #1. The Subject Premises and Unit #1 are the only two lower units at the address. Unit #2 is an upper unit and the man who resided there died early October 2021 according to RPD records and postal records have not indicated anyone else has moved into the unit since. Given all of the above, I believe the Subject Parcel is destined for the Subject Premises.

14. Based upon my training and experience, I know that narcotics traffickers often utilize techniques to prevent the detection of narcotics that are shipped unlawfully through mail and common carriers by means of falsifying recipient names, addresses and shipper names. In addition, illegal narcotics traffickers have been known to conceal narcotics inside of other objects to avoid detection by law enforcement officials

## PROPOSED CONTROLLED DELIVERY

15.     U.S. Postal Inspectors along with DEA's Agents and Taskforce Officers intend to conduct a controlled delivery of the Subject Parcel, with the cocaine removed and replaced with sham (namely, sugar). An electronic transmitting device will be placed in the Subject Parcel, which will then be delivered to the Subject Premises. The electronic transmitting device will emit electronic signals that are designed to alert law enforcement if and when the Subject Parcel is opened. This electronic transmitting device will not allow law enforcement to track the location of the parcel.

16.     A U.S. Postal Inspector working in an undercover capacity as a USPS Letter Carrier will attempt to deliver the Subject Parcel to the Subject Premises during the daytime hours authorized by this Court. Other law enforcement personnel will be pre-positioned at the Subject Premises to keep the Subject Parcel under surveillance during the controlled delivery. If no one answers at the residence, repeated attempts to complete the controlled delivery will be carried out or alternatively the Subject Parcel will be left outside a door leading to entry of the Subject Premises.

17.     It is your affiant's intent to execute the search warrant when law enforcement receives the signal from the transmitter indicating that the Subject Parcel has been opened, or within a reasonable time after the Subject Parcel enters the Subject Premises.

## ITEMS TO BE SEARCHED FOR AND SEIZED

18. Your affiant seeks authorization to search for and seize items listed in Attachment B to the Application for a Search Warrant, which is incorporated herein by reference.

19. Based upon your affiant's training, experience, and discussions with other federal law enforcement personnel related to the investigation of illegal narcotics distribution, your affiant is aware that:

   a. Individuals involved in illegal narcotics trafficking activity maintain at their residences, places of business, storage lockers, in their vehicles and other locations under their control, items constituting fruits, instrumentalities, and evidence of their criminal activities and associations. These items can include firearms, personal address/telephone books identifying co-conspirators, large sums of U.S. currency in excess of $1,000 not immediately traceable to legitimate activity, indicia of control/ownership, and other items more particularly described in Attachment B.

   b. Individuals involved in illegal narcotics trafficking activity often earn substantial cash proceeds that they accumulate or convert to other assets, such as jewelry, vehicles, real estate, bank accounts, or other investments. Financial and business records are often kept for illegal narcotic trafficking activity and/or the accumulation/transformation of Illicit proceeds.

    c. Individuals involved in illegal narcotics trafficking activity often store other illicit items to include unlawfully possessed narcotics and firearms offsite in storage units and safe deposit boxes. Such individuals often keep records of such locations and or keys to them at their residences or other places under their control.

    d. Individuals involved in illegal narcotics trafficking activity often use electronic devices such as cell phones, computers, and tablets in furtherance of their procurement activities. Such devices are used to communicate with suppliers, coordinate the purchase and/or delivery of illicit items, and a host of other activities.

## CONCLUSION

20. Based on the foregoing, there is probable cause to believe that, upon the accepted delivery of the subject parcel to an individual at 192 Desmond Street, Unit #3, Rochester, New York, 14615 and either when law enforcement receives the transmitted signal indicating the package was opened, or within a reasonable time after delivery, the Subject Premises contains evidence of a violation of Title 21, United States Code, Sections 841 (a)(1) and 846 (attempted possession with intent to distribute cocaine, a schedule II controlled substance). Your affiant therefore respectfully requests that the court issue an anticipatory search warrant authorizing the search of the Subject Premises, more specifically described in Attachment A, for the items more specifically described in Attachment B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

_____
JAMES M. KEENAN
Postal Inspector, U.S. Postal Inspection Service

Affidavit submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me telephonically pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on November _5_, 2021.

_____
HON. MARIAN W. PAYSON
United States Magistrate Judge